# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
### EASTERN DIVISION

| | | |
|---|---|---|
| DANIEL A. TAEUSCH, | ) | CASE NO. 1:19-cv-282 |
| | ) | |
| | ) | |
| PETITIONER, | ) | JUDGE SARA LIOI |
| | ) | |
| vs. | ) | **MEMORANDUM OPINION** |
| | ) | |
| BRIGHAM SLOAN, WARDEN, | ) | |
| | ) | |
| | ) | |
| RESPONDENT. | ) | |
| | ) | |

On December 29, 2021, the assigned magistrate judge issued a Report and Recommendation ("R&R") recommending dismissal of the petition for writ of habeas corpus filed by pro se petitioner Daniel A. Taeusch ("Taeusch" or "petitioner"). (Doc. No. 11.) Taeusch timely filed his objections pursuant to Fed. R. Civ. P. 72(b)(2). (Doc. No. 12.) Respondent[1] filed no opposition to the objections and the time for doing so under the rule has expired. For the reasons set forth herein, Taeusch's petition for writ of habeas corpus is denied in its entirety.

## I.    Legal Standard

Under 28 U.S.C. § 636(b)(1), "[a] judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *See also Powell v. United States*, 37 F.3d 1499 (Table), 1994 WL 532926, at *1 (6th Cir. Sept. 30, 1994) ("Any report and recommendation by a magistrate judge that is dispositive of a claim or defense of a party shall be subject to de novo review by the district court

---

[1] Although the petition named Warden Brigham Sloan as the respondent, Douglas Fender is the warden of the Lake Erie Correctional Institution where Taeusch has been incarcerated.

in light of specific objections filed by any party."); Fed. R. Civ. P. 72(b)(3) ("[t]he district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to."). "An 'objection' that does nothing more than state a disagreement with a magistrate's suggested resolution, or simply summarizes what has been presented before, is not an 'objection' as that term is used in this context." *Aldrich v. Bock*, 327 F. Supp. 2d 743, 747 (E.D. Mich. 2004). After review, "[t]he district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3).

Although the Court must review de novo any matter properly objected to, it must do so under a deferential standard of review.

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim—
>
> > (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> >
> > (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d)(1)–(2). In *Harris v. Stovall*, 212 F.3d 940, 942 (6th Cir. 2000), the Sixth Circuit, variously quoting *Williams v. Taylor*, 529 U.S. 362, 120 S. Ct. 1495, 146 L. Ed. 2d 389 (2000), noted the Supreme Court's explanation of these standards:

> [A] decision of the state court is "contrary to" clearly established federal law "if the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the Supreme] Court has on a set of materially indistinguishable facts." [citation omitted]. . . . [A]n "unreasonable application" occurs when "the state court identifies the correct legal principle from [the Supreme] Court's decision but unreasonably applies that principle to the facts of the prisoner's case." [citation

omitted]. A federal habeas court may not find a state adjudication to be "unreasonable" "simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." [citation omitted].

## II.     De Novo Review

The R&R sets forth the procedural history of this case, including Taeusch's State court guilty pleas on one charge of sexual battery and three counts of gross sexual imposition arising from his having had sexual contact with four minor girls between 2010 and 2015 (three of which occurred while he was under the influence of alcohol) (Doc. No. 11 at 5[2]), his direct appeal and motion for leave to file a delayed appeal (*id*. at 5–6), and his delayed pro se appeal to the Ohio Supreme Court (*id*. at 6). Taeusch has specifically adopted these procedural descriptions (Doc. No. 12 at 1), and they are also adopted by the Court.

Taeusch's petition for habeas corpus raised one ground for relief: that his "due process and constitutional rights were violated when the trial court ignored mitigating factors and could not support its findings of a maximum and consecutive sentence by the record, thereby creating a manifest injustice." (Doc. No. 1 at 5 (capitalization omitted).)

The R&R recommends denial of the petition because its sole ground is procedurally defaulted, having "[never been] fairly presented to the state courts as distinct federal or constitutional claims." (Doc. No. 11 at 10 (citing *Newton v. Million*, 349 F.3d 873, 877 (6th Cir. 2003)[3] (outlining the four actions a petitioner can take before the state court to fairly present a federal claim)).) The R&R notes:

---

[2] All page number references herein are to the consecutive page numbers applied to each individual document by the electronic filing system, a citation practice recently adopted by this Court despite a different directive in the Initial Standing Order for this case.

[3] *Abrogated on other grounds as recognized in English v. Berghuis*, 529 F. App'x 734, 744–45 (6th Cir. 2013).

> Because [p]etitioner did not rely upon federal case law or state case law employing a federal constitutional analysis, did not phrase his assignments of error as violations of federal constitutional law or a denial of a specific federal constitutional right, and did not allege facts well within the mainstream of federal constitutional law when presenting his assignment of error, [p]etitioner's sole ground for relief should be dismissed as defaulted for lack of fair presentation.

(*Id*. at 11.)

The R&R further concludes that the due process claim Taeusch is attempting to raise here is barred by *res judicata* because he "cannot return to state court to exhaust the claims[.]" (*Id*. at 11–12 (citing *State v. Hutton*, 797 N.E.2d 948, 956 (Ohio 2003); *State v. Gillard*, 679 N.E.2d 276 (Ohio 1997)).) The R&R states that Taeusch has failed to establish cause for his default, rendering moot any consideration of prejudice. (*Id*. at 12–13.) Finally, the R&R rejects Taeusch's assertion of the narrow "actual innocence" exception to the cause and prejudice requirement concluding that Taeusch pleaded guilty to the charges for which he was sentenced and does not now present any *new* evidence of actual innocence. (*Id*. at 13–14.)

Petitioner's objections fall into two categories: (1) a challenge to the presumption of correctness afforded factual findings of the state courts; and, (2) a challenge to the legal conclusion that his sole ground is procedurally defaulted.

### *Presumption of Correctness*

As correctly stated by the R&R, under 28 U.S.C. § 2254(e)(1), "a determination of a factual issue made by a State court shall be presumed to be correct" unless the petitioner meets his "burden of rebutting the presumption of correctness by clear and convincing evidence." (*See also* Doc. No. 11 at 2 (citing *Franklin v. Bradshaw*, 695 F.3d 439, 447 (6th Cir. 2012) ("State-court factual findings are presumed correct unless rebutted by clear and convincing evidence.")).)

Taeusch asserts that the factual determinations of the State appellate court that are quoted in full in the R&R are "incorrect on three accounts." (Doc. No. 12 at 1.)

First, Taeusch asserts that the state appellate court "opine[d]" that "appellant's 'inability to remember some of his conduct' . . . provided it [trial court] with a basis to 'question' the genuineness of his remorse." (Doc. No. 12 at 2 (quoting Doc. No. 9-1, Opinion at 72 (¶ 19)).) But the appellate court was not *opining*; rather, the appellate court was merely explaining the trial court's action. This factual statement by the appellate court is unquestionably correct—that *is* what the trial court did. (*See* Doc. No. 9-1, Sentencing Transcript at 200 ("Based upon the [d]efendant's inability to remember some of his conduct, with no apparent reason for that, the [c]ourt questions his claim of genuine remorse.").) This objection to the presumption of correctness as to this factual statement by the appellate court has no merit and is overruled.

Moreover, Taeusch's problem is not that this is a factually incorrect account of what happened in the trial court. Rather, his problem is he thinks this should *not* have happened—he thinks the trial court should not have questioned his remorse just because his memory of the incidents failed him. Taeusch argues here that the trial court should have factored in a psychiatrist's finding that he had a "high probability of a substance abuse disorder[,]" and "was most likely self medicating with alcohol[.]" (Doc. No. 12 at 2 (citing a psychiatric evaluation that does not appear in the record of this Court).) But that is an argument addressed to the legal merits (which, notably, was raised on direct appeal). It is not actually a challenge to the presumption of correctness of a particular fact stated by the appellate court. The Court need not address this argument on the merits and, to that extent, this is an additional reason to overrule this objection.

Second, Taeusch asserts that the state appellate court "discounts that [he] was negatively impacted by the sexual abuse he endured when he was 9 years old, and that abuse could not have

5

contributed to the mental state that facilitated the current offenses, thereby reducing the severity of the offenses." (Doc. No. 12 at 3 (citing Doc. No. 9-1, Opinion at 72–73 (¶¶ 20–21)).) Once again, this is not a challenge to a factual assertion; it is a legal challenge relating to mitigating factors for sentencing under Ohio law—a matter not cognizable on habeas review.

Third, Taeusch objects to the trial court's finding that he had "a history of criminal convictions" (Doc. No. 12 at 3 (citing Doc. No. 9-1, Sentencing Transcript at 200)), based on the court's incorrect finding that Taeusch was dishonorably discharged from the military after being convicted of a similar offense. He argues that the appellate court "even agrees that there is nothing in the record to support the court's finding." (*Id.* (citing Doc. No. 9-1, Opinion at 73).) Taeusch is correct that the appellate court confirmed as "accurate" Taeusch's "construction" of the record, implicitly rejecting the trial court's factual finding that there was a military conviction in Taeusch's background. (Doc. No. 9-1, Opinion at 73 (¶ 22).) But the appellate court also concluded that the relevant events (military and non-military) were "qualitatively similar as they involved sexual conduct with minors." (*Id.*) Even if the appellate court's statement is taken as "clear and convincing evidence" to rebut any factual finding of a military conviction (which is doubtful at best), Taeusch fails to show how this is a matter cognizable on habeas review, since it relates entirely to state sentencing statutes. Therefore, although this Court will sustain Taeusch's objection regarding the state trial court's mistaken characterization of his military discharge as involving a "conviction," that ruling is of no consequence in this context.

Accordingly, to the extent Taeusch's objections relate to challenges to the presumption of correctness of state court findings of fact, they are overruled, with this Court acknowledging the inaccuracy of the state trial court's description of Taeusch's military dishonorable discharge as involving a "conviction."

6

### *Procedural Default*

Taeusch challenges the R&R's statement that he "concedes that his lone ground for relief is defaulted." (Doc. No. 12 at 4 (citing Doc. No. 11, R&R at 10).)

Taeusch first objects that "the Magistrate [Judge] tries to cast Taeusch's plea for liberal constrution [sic] of his filings due to his pro se status as a reason for cause of procedural default. Nowhere in Taeusch's filing does he make this claim." (Doc. No. 12 at 5.) Taeusch claims he was only asking for his "well established right [as a] pro se litigant[] in federal court." (*Id*.)

The R&R states that, "to the extent [p]etitioner relies on his *pro se* status and ignorance of the law to provide cause for this claim's procedural default," the effort fails because it is not "something *external* to the petitioner[.]" (Doc. No. 11 at 13 (quoting *Maples v. Thomas*, 565 U.S. 266, 280, 132 S. Ct. 912, 181 L. Ed. 2d 807 (2012) (emphasis in original)).) Taeusch's traverse (*i.e.*, his reply (*see* Rule 5 of the Rules Governing § 2254 Cases)) clearly states that "due to his limited legal knowledge and inadequate inmate legal assistance from the prison law library . . . Taeusch has failed to adequately present the necessary arguments to accomplish the relief sought herein for the egregious constitutional violations detailed within his federal habeas corpus petition." (Doc. No. 10, Traverse at 3.) The R&R does not misconstrue this statement, which comes from the traverse/reply. Taeusch's objection regarding this statement in the R&R is overruled.

Taeusch next claims that "the miscarriage of justice gateway would provide an additional avenue for this Court to address the merits of the constitutional violations alleged by Taeusch within his § 2254 Petition." (Doc. No. 12 at 5.) He claims that, although his appellate counsel "did not use any federal caselaw or direct reference to constitutional violations, . . . the proceedings were infected with errors . . . [amounting to] violations of the constitutional due process right to a fair and just legal proceeding." (*Id*. (citations omitted).) Thus, Taeusch claims he is entitled to

7

assert the miscarriage of justice exception to the bar on federal habeas review of his procedurally defaulted claim, and that the R&R fails to acknowledge and/or address this.

In his memorandum in support of his petition,[4] Taeusch asserts that "the trial court's sentence is contrary to law as the trial court failed to insure that it had accurate and appropriate information before it when imposing the [d]efendant's sentence in order to comply with the purposes of felony sentencing[]" under Ohio law. (Doc. No. 1-1, Memorandum in support at 5 (citing Ohio Rev. Code §§ 2929.11, 2929.12, 2929.14).) "It is Taeusch's position that the trial court improperly applied the rules and [State] statutes regarding sentencing as a result of arguably putting emphasis on unsubstantiated, inappropriate facts presented by the state and presentence investigation (P.S.I.) report." (*Id*. at 10.) Taeusch claims that "a less lengthy prison sentence would have satisfied the purposes and principles of felony sentencing[.]" (*Id*. at 11.) Taeusch argues that these are "errors of Constitutional magnitude so egregious, which had a substantial and injurious influence on the proceedings that establishes a fundamental defect which inherently results in a complete micarriage [sic] of justice or an error so egregious that it amounts to a violation of Due Process." (*Id*. at 20–21.) Taeusch alleges that he is, therefore, entitled to review "on the[] merits." (*Id*. at 21.) In his traverse/reply, Taeusch argues that "his case involves a *fundamental miscarriage of justice* . . . [which provides] a valid gateway to overcome a procedural bar in a habeas petition." (Doc. No. 10 at 3 (emphasis in original).)

"Absent cause and prejudice, federal courts may not review issues that are procedurally defaulted unless the petitioner shows that his conviction is the result of a fundamental miscarriage of justice." *Bonnell v. Mitchel*, 301 F. Supp. 2d 698, 724 (N.D. Ohio 2004). "A fundamental

---

[4] Taeusch's traverse/reply incorporates his argument on procedural default from his petition. (*See* Doc. No. 10, Traverse at 2.)

miscarriage of justice is a conviction of one who is 'actually innocent.'" *Id.* (citing *Coleman v. Thompson*, 501 U.S. 722, 750, 111 S. Ct. 2546, 115 L. Ed. 2d 640 (1991); *Murray v. Carrier*, 477 U.S. 478, 496, 106 S. Ct. 2639, 91 L. Ed. 2d 397 (1986)).

Taeusch is not actually challenging his *convictions*—no surprise, since he entered guilty pleas, which amounted to an admission of guilt. Rather he challenges his *sentence* as improper under Ohio statutes and claims that the sentence was such an egregious application of those statutes that it amounts to a constitutional violation—a miscarriage of justice.

No matter how hard Taeusch tries to convert his purely state-law challenge to his sentence into a federal constitutional violation, that effort fails. The Supreme Court "has stated many times that 'federal habeas corpus relief does not lie for errors of state law.'" *Estelle v. McGuire*, 502 U.S. 62, 67, 112 S. Ct. 475, 116 L. Ed. 2d 385 (1991) (quoting *Lewis v. Jeffers*, 497 U.S. 764, 780, 110 S. Ct. 3092, 111 L. Ed. 2d 606 (1990)). In fact, the Court in *Estelle* "reemphasize[d] that it is not the province of a federal habeas court to reexamine state-court determinations on state-law questions." *Id.* at 67–68; *see also Roberts v. Wainwright*, No. 19-3669, 2020 WL 4018621, at *1 (6th Cir. Jan. 31, 2020) ("[petitioner's] claim regarding the trial court's compliance with section 2929.14(C)(4) asserts only a matter of the application of state sentencing laws and is not cognizable on habeas review.").

Taeusch's objection to the R&R's conclusion as to procedural default is overruled.

### III.     Conclusion

Upon de novo review, except for the Court's observation relating to the factual assertion that petitioner had a military conviction (which the Court acknowledges was incorrect, but has no effect on the overall outcome), all of Taeusch's objections are overruled. Accordingly, the Court denies the petition in its entirety. Further, the Court certifies that an appeal from this decision could not be taken in good faith and that there is no basis upon which to issue a certificate of appealability. 28 U.S.C. §§ 1915(a)(3), 2253(c); Fed. R. App. P. 22(b).

**IT IS SO ORDERED**.

Dated: February 10, 2022

**HONORABLE SARA LIOI**
**UNITED STATES DISTRICT JUDGE**